Anastasiya UZZHINA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–75256.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 20, 2007.

Anastasiya Uzzhina, Sacramento, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Jonathan F. Potter, Esq., Harold M. Sklar, DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM **

Anastasiya Uzzhina, a native and citizen of Russia, petitions pro se for review of the Board of Immigration Appeals' ("BIA") decision summarily affirming the ruling of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA affirms without an opinion, we review the IJ's decision directly. *See Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 851 (9th Cir.2004). We review for substantial evidence, *Gu v. Gonzales*, 454 F.3d 1014, 1018 (9th Cir.2006), and we deny the petition.

The IJ determined that Uzzhina was not credible, in part, because the evidence in the record refuted her claim that she was a citizen of Kazakhstan. The IJ presented specific, cogent reasons for disbelief, which went to key elements of the asylum application, and therefore the adverse credibility determination is supported by substantial evidence. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003). Because Uzzhina failed to satisfy the lower standard of proof for asylum, she necessarily failed to satisfy the more stringent standard for withholding of removal. *See id.*

Substantial evidence likewise supports the denial of Uzzhina's CAT claim because she did not establish that it was more

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

likely than not that she would be tortured if she returned to Russia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.